UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| UNITED STATES OF AMERICA | **INFORMATION** |
| - v. - | 26 Cr. 6 |
| PAUL JORGENSEN, | |
| Defendant. | |

## COUNT ONE

**(Securities Fraud – August 2022 Trading)**

The United States Attorney charges:

1. PAUL JORGENSEN, the defendant, made more than $2.5 million dollars in illicit profits by trading in stock and options based on material nonpublic information regarding his employer's business. JORGENSEN was a senior executive at Doximity, a publicly-traded online networking service for medical professionals. At Doximity, JORGENSEN had access to confidential information about Doximity's financial outlook, performance, and earnings results, among other things. In violation of the duties of trust and confidence that JORGENSEN owed to Doximity and its shareholders, JORGENSEN traded in stock and options based on inside information in advance of Doximity's quarterly earnings calls.

Background on Doximity and its Insider Trading Policies

2. Doximity was a public company whose stock traded on the New York Stock Exchange under the ticker symbol "DOCS." Doximity offered an online networking service for medical professionals. PAUL JORGENSEN, the defendant, joined Doximity in or around 2017, and was promoted to Chief Revenue Officer in or around February 2022. In or around August

2022, JORGENSEN was reassigned to a sales role at the company. JORGENSEN was terminated in or around August 2023.

3. Doximity's written policies prohibited employees from trading based on material nonpublic information. These policies also prohibited employees from trading in the lead-up to the company's quarterly earnings calls and from engaging in options trading. To ensure compliance with these policies, Doximity established employee brokerage accounts, which Doximity could monitor and control, and required all employees, including senior executives, to hold their Doximity shares in these company-monitored accounts. PAUL JORGENSEN, the defendant, flouted these trading restrictions. Beginning in or about 2021, JORGENSEN held thousands of shares of Doximity stock in a personal brokerage account and then used this brokerage account to sell shares and buy options based on material nonpublic information in advance of Doximity's quarterly earnings calls.

<u>August 2022 Insider Trading Scheme</u>

4. In or about July 2022, as Chief Revenue Officer of Doximity, PAUL JORGENSEN, the defendant, was aware that Doximity's add-on sales to clients, referred to as "upsells," had declined over the previous quarter. On or about July 28, 2022, JORGENSEN joined a meeting with the Doximity Board of Directors regarding the company's quarterly earnings results, and during that meeting the material decline in upsells was discussed. That same day, JORGENSEN messaged a close family member that he was "[n]ot selling [his] DOCS shares" because he had "non-public confidential info and it's just not right to sell."

5. Two days later, on or about July 30, 2022, PAUL JORGENSEN, the defendant, learned that he was being reassigned to a sales role at the company. Thereafter, JORGENSEN messaged the same close family member that he had "decided to sell [his] DOCS shares" in order

to "protect us first and foremost and those shares are not restricted," a reference to the shares being held in JORGENSEN's personal brokerage account. On or about August 1, 2022, JORGENSEN sold 61,162 shares of Doximity stock based on material nonpublic information.

6. On or about August 4, 2022, after the close of the stock market, Doximity publicly announced on its quarterly earnings call that its "historically stable upsell rate among [its] pharmaceutical clients" had "slowed year-to-date" and that it was lowering its annual guidance by six percent. Doximity's share price fell by approximately 7 percent after the announcement. By selling his Doximity shares on or about August 1, 2022, PAUL JORGENSEN, the defendant, avoided losses of more than $300,000.

Statutory Allegations

7. On or about August 1, 2022, in the Southern District of New York and elsewhere, PAUL JORGENSEN, the defendant, willfully and knowingly, directly and indirectly, by the use of a means and instrumentality of interstate commerce and of the mails, and of a facility of a national securities exchange, used and employed, in connection with the purchase and sale of a security, a manipulative and deceptive device and contrivance, in violation of Title 17, Code of Federal Regulations, Section 240.l0b-5, by (a) employing a device, scheme, and artifice to defraud; (b) making an untrue statement of material fact and omitting to state a material fact necessary in order to make the statements made, in light of the circumstances under which they was made, not misleading; and (c) engaging in an act, practice and course of business which operated and would operate as a fraud and deceit upon a person, to wit, JORGENSEN sold 61,162 shares of Doximity stock based on material nonpublic information in violation of the duty of trust and confidence he

owed to Doximity and its shareholders.

(Title 15, United States Code, Sections 78j(b) and 78ff; Title 17, Code of Federal Regulations, Section 240.10b-5; Title 18, United States Code, Section 2.)

**COUNT TWO**

**(Securities Fraud – August 2023 Trading)**

The United States Attorney further charges:

8. The allegations contained in paragraphs 1 through 3 of this Information are hereby repeated, realleged, and incorporated by reference, as if fully set forth herein.

9. In or about July 2023, PAUL JORGENSEN, the defendant, continued to receive internal email communications with business updates, and retained access to Doximity's internal systems that tracked sales numbers. As a result, JORGENSEN was aware that Doximity's upsells had continued to decline over the previous quarter. In addition, on or about July 13, 2023, JORGENSEN learned that he was being terminated from Doximity as part of a larger round of company layoffs, and that the layoffs would be announced on Doximity's upcoming quarterly earnings call. In advance of the earnings call, based on material nonpublic information, JORGENSEN sold 15,000 shares of Doximity stock, for a profit of approximately $114,000. JORGENSEN also sold 1,300 call options, for a profit of approximately $200,000, and bought 4,700 put options using his personal brokerage account.

10. On or about August 8, 2023, after the close of the stock market, Doximity publicly announced on its quarterly earnings call that because its "upsells have now slowed for two years in a row," it made the difficult decision to terminate "10 [percent] or roughly 100 employees" and lower its annual guidance by 8 to 9 percent. Doximity's share price fell by approximately 23 percent. Following the announcement, PAUL JORGENSEN, the defendant, closed out his put position, earning nearly two million dollars in profits.

## Statutory Allegations

11. On or about the dates set forth below, in the Southern District of New York and elsewhere, PAUL JORGENSEN, the defendant, willfully and knowingly, directly and indirectly, by the use of a means and instrumentality of interstate commerce and of the mails, and of a facility of a national securities exchange, used and employed, in connection with the purchase and sale of a security, a manipulative and deceptive device and contrivance, in violation of Title 17, Code of Federal Regulations, Section 240.l0b-5, by (a) employing a device, scheme, and artifice to defraud; (b) making an untrue statement of material fact and omitting to state a material fact necessary in order to make the statements made, in light of the circumstances under which they was made, not misleading; and (c) engaging in an act, practice and course of business which operated and would operate as a fraud and deceit upon a person, to wit, JORGENSEN, based on material nonpublic information and in violation of the duty of trust and confidence he owed to Doximity and its shareholders, engaged in the following securities transactions:

| **Trade Date** | **Transaction** |
| --- | --- |
| August 3, 2023 | Sale of 15,000 shares of Doximity |
| August 3, 2023 | Purchase of 3,700 put options for Doximity |
| August 7, 2023 | Purchase of 1,000 put options for Doximity |
| August 7, 2023 | Sale of 1,300 call options for Doximity |

(Title 15, United States Code, Sections 78j(b) and 78ff; Title 17, Code of Federal Regulations, Section 240.10b-5; Title 18, United States Code, Section 2.)

**FORFEITURE ALLEGATION**

12. As a result of committing one or more of the offenses charged in Counts One and Two of this Information, PAUL JORGENSEN, the defendant, shall forfeit to the United States, pursuant to Title 18, United States Code, Sections 981(a)(1)(C) and Title 28, United States Code, Section 2461, all property, real and personal, that constitutes or is derived from proceeds traceable to the commission of the offenses alleged in Counts One and Two, including but not limited to a sum of money in United States currency representing the amount of proceeds traceable to the commission of said offenses that the defendant personally obtained.

Substitute Assets Provision

13. If any of the above-described forfeitable property, as a result of any act or omission by the defendant:

a. cannot be located upon the exercise of due diligence;

b. has been transferred or sold to, or deposited with, a third party;

c. has been placed beyond the jurisdiction of the court;

d. has been substantially diminished in value; or

e. has been commingled with other property which cannot be divided without difficulty;

it is the intent of the United States, pursuant to Title 21, United States Code, Section 853(p), and Title 28, United States Code Section 2461, to seek forfeiture of any other property of the defendant up to the value of the forfeitable property described above.

(Title 18, United States Code, Section 981(a)(1)(C); Title 21, United States Code, Section 853(p); Title 28, United States Code, Section 2461.)

Jay Clayton
JAY CLAYTON
United States Attorney